**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALERY LATOUCHE,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCK & CO., INC.,<br><br>    Defendant. | Civil Action No. 22-1619 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendant Merck & Co., Inc.'s ("Merck") Motion to Dismiss pro se Plaintiff Valery LaTouche's ("LaTouche") Amended Complaint. (ECF No. 19) LaTouche opposed (ECF No. 22), and Merck replied (ECF No. 23). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Merck's Motion.

**I. BACKGROUND**[1]

  In the October Opinion, the Court dismissed LaTouche's Complaint in its entirety, holding that Plaintiff had failed to adequately plead a design defect or failure-to-warn claim. (*See generally* Oct. Op.) With respect to the failure-to-warn claim, the Court found that the Complaint failed to

---

[1] The Court adopts the factual background as recited in its October 31, 2022 Memorandum Opinion (the "October Opinion," ECF No. 14) and only provides additional background and procedural information where relevant for the instant Motion. For the purpose of considering the instant Motion, the Court liberally construes LaTouche's Amended Complaint and accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

"allege facts giving rise to a reasonable inference that Merck had a duty to warn, inadequately warned LaTouche of the side effects of Remeron, or proximately caused LaTouche's injuries." (*Id.* at 7.) As for the design defect claim, the Court found that the Complaint, "[e]ven liberally construed . . . [did] not allege that Remeron was unduly harmful or that a reasonable alternative existed." (*Id.*) The Court granted Plaintiff leave to amend but instructed him to "correct the deficiencies identified in [the Court's] Memorandum Opinion in any amended complaint." (*Id.*)

On December 9, 2022, LaTouche filed the Amended Complaint, which asserts a failure-to-warn claim and a design defect claim. (*See generally* Am. Compl., ECF No. 18.) Merck's Motion to Dismiss the Amended Complaint is now ripe for resolution.

## II.   LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [they] proceed[]

2

pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In New Jersey, the New Jersey Products Liability Act (the "Act") "establishe[s] the sole method to prosecute a product liability action" for any action alleging "harm caused by a product, irrespective of the theory underlying the claim." *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (first quoting *Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647 (N.J. Super. Ct. App. Div. 1991); then quoting N.J. Stat. Ann. § 2A:58C-1(b)(3)). Under the Act, plaintiffs may allege theories of design defect and failure to warn. N.J. Stat. Ann. §§ 2A:58C-2, -4. Although the Amended Complaint raises common-law claims for strict product liability, the Court will liberally construe the Amended Complaint and once more presume that the Amended Complaint alleges causes of action under the Act.[2]

## III. DISCUSSION

Merck asserts that LaTouche's Amended Complaint fails to correct the deficiencies the Court identified in the Complaint and that the Court should, accordingly, dismiss the Amended Complaint with prejudice for failure to state a claim for relief. (*See* Def.'s Moving Br. 1, ECF No. 19-1.)

### A. Failure-to-warn claim.

The Amended Complaint, like the Complaint, lacks the factual allegations necessary to support LaTouche's failure-to-warn claim. "[F]ailure-to-warn theories require allegations of a manufacturer's duty to warn, an inadequate warning, and proximate cause." (Oct. Op. 7 (citing

---

[2] This conclusion is bolstered by LaTouche's Opposition Brief, which discusses the New Jersey Product Liability Act. (*See* Pl.'s Opp'n Br *2, ECF No. 22.) Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

*Mendez v. Shah*, 28 F. Supp. 3d 282, 299 (D.N.J. 2014)).) The Court previously held that Plaintiff's Complaint failed to allege facts giving rise to a reasonable inference that Merck (1) "had a duty to warn," (2) "inadequately warned LaTouche of the side effects of Remeron," or (3) "proximately caused LaTouche's injuries." (*Id.*) Merck does not dispute that it has a duty to warn. (*See* Def.'s Moving Br. 4.)

The problem, however, is that the Amended Complaint fails to adequately plead the other elements. LaTouche pleads some new facts in the Amended Complaint, including that, although the Remeron "label warned of breast engorgement[,] breast enlargement and breast pain," it did not include the medical term "gynecomastia" or "a spike in [an individual's] hormonal glands." (*See* Am. Compl. *5.) Under the Act, prescription medicine labels are given a rebuttable presumption of adequacy. "To overcome this presumption, a plaintiff asserting a failure[-]to[-]warn claim based on an inadequate label or instructions has stricter pleading requirements. A plaintiff must plead specific facts alleging 'deliberate concealment or nondisclosure of after-acquired knowledge of harmful effects,' or 'manipulation of the post-market regulatory process[.]'" *Greisberg v. Bos. Sci. Corp.*, No. 19-12646, 2020 WL 4435409, at *3 (D.N.J. Aug. 3, 2020) (citing *Cornett v. Johnson & Johnson*, 48 A.3d 1041, 1056 (N.J. 2012)); *Jankowski v. Zydus Pharm. USA, Inc.*, No. 20-248, 2022 WL 1748061, at *4 (D.N.J. May 31, 2022) (same). Here, LaTouche makes no allegations at all that Merck either deliberately withheld after-acquired knowledge of harmful effects or manipulated the post-market regulatory process. Independent of this reason, the Court reiterates its skepticism that Merck's description of male-breast-related risks is inadequate because, as per LaTouche's own admission, the Remeron label appears to warn of "breast pain," "breast engorgement," and "breast enlargement." (*See* Oct. Op. 7; Am. Compl. 5.) This is particularly so when considering that the warnings on the Remeron

4

label are directed to doctors, and prescription drug manufacturers satisfy their duty to warn by providing an adequate warning to the plaintiff's prescribing physician, not the plaintiff. *Jankowski*, 2022 WL 1748061, at *4 (dismissing plaintiffs' failure-to-warn claims, in part, on the basis that "the learned intermediary doctrine relieves a pharmaceutical manufacturer of an independent duty to warn the ultimate user of prescription drugs").

Relatedly, as for proximate cause, the Amended Complaint fails to allege facts that would make it plausible that different word usage for the same symptoms would have altered the doctor's prescription to prescribe the medicine to him. *See Appleby v. Glaxo Wellcome, Inc.*, No. 04-0062, 2005 WL 3440440, at *5-6 (D.N.J. Dec. 13, 2005) (granting summary judgment based on lack of proximate cause where the plaintiff failed to establish that her prescribing physician would not have prescribed the prescription drug without the allegedly deficient warnings). Thus, the Court grants Merck's Motion to Dismiss on the failure-to-warn claim.

B.   **Design defect claim.**

LaTouche's design defect claim fares no better. In granting Merck's initial Motion to Dismiss, the Court found that "[e]ven liberally construed," the Complaint "d[id] not allege that Remeron was unduly harmful or that a reasonable alternative existed." (Oct. Op. 7); *see Mendez*, 28 F. Supp. 3d at 298 (a plaintiff asserting a design defect claim "must plead either that the product's risk outweighs its harm, or that an alternate design exists."). Here, the Amended Complaint consists largely of conclusory allegations. With respect to "unduly harmful," LaTouche alleges that Remeron is "unfit for it[s] ordinary purpose" because of the side effects of, for example, a spike in hormonal glands, that LaTouche experienced. (Am. Compl. 5.) Similarly, LaTouche alleges that "[t]he anti-depressant did not ease [LaTouche]'s depression." (*Id.*) Under New Jersey law, however, a design is deemed defective only when a plaintiff proves "that the product's risk outweighs its harm." *Mendez*, 28 F. Supp. 3d at 297-98. Without more than his own

5

allegations of side effects and hoped-for results, LaTouche fails to allege sufficient facts to support such a theory. With respect to a "reasonable alternative," all LaTouche alleges is that the anti-depressant "could have been designed safely without the ingredients that resulted in [LaTouche]'s diagnoses of gynecomastia and," relatedly, "a [s]pike in his hormonal glands," with "a possible benign tumor." (Am. Compl. 5.) Such "formulaic recitation of the elements of a cause of action," without sufficient factual content, is insufficient to state a plausible claim for relief. *Vicente v. DePuy Synthes Cos.*, 570 F. Supp. 3d 232, 238 (D.N.J. 2021) (quoting *Twombly*, 550 U.S. at 555). Thus, the Court grants Merck's Motion to Dismiss the design defect claim.

### IV. CONCLUSION

The Court dismisses LaTouche's Amended Complaint for failure to state a claim. Because the Court will grant LaTouche, for the last time, leave to amend, LaTouche should correct the deficiencies identified in this Memorandum Opinion in any second amended complaint. An appropriate order will follow.

                                                 /s/ Michael A. Shipp
                                                 **MICHAEL A. SHIPP**
                                                 **UNITED STATES DISTRICT JUDGE**